STATE OF NORTH CAROLINA    FILED    IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG    2012 MAR 20 PM 4: 49    12-CVS- 5451

MECKLENBURG CO., C.S.C.

|  |  |  |
|---|---|---|
| VICTOR J. DEMAYO by and through his Guardian MICHAEL A. DEMAYO, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | COMPLAINT |
| GLOBAL CONNECTIONS, INC., ALW SOURCING, LLC and UNIVERSAL DATA SERVICES, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

    The Plaintiff, Victor J. DeMayo, by and through his Guardian Michael A. DeMayo, complaining of the Defendants, alleges and says:

    1. That the Plaintiff, Victor J. DeMayo ("Ward"), is an incompetent adult citizen and resident of Lantana, Palm Beach County, who has been living in an assisted living facility for more than five years preceding the filing of this action.

    2. That the Plaintiff, Michael A. DeMayo ("DeMayo"), is an adult citizen and resident of Charlotte, Mecklenburg County, North Carolina who has been appointed Plenary Guardian of the Ward, his father, Victor J. DeMayo, on December 4, 2008 by the Honorable Richard L. Oftedal, Circuit Court Judge of Palm Beach County, Florida. A copy of the Letters of Plenary Guardianship are attached hereto as Exhibit 1.

    3. That the Plaintiff is informed, believes and avers that Defendant Global Connections, Inc. ("Global") is a corporation organized and existing under the laws of the state of Kansas with its principal place of business located in Overland Park, Kansas and is authorized to conduct business in the state of North Carolina.

    4. That the Plaintiff is informed, believes and avers that Defendant ALW Sourcing, LLC ("ALW") is a corporation organized and existing under the laws of the state of Maryland with its principal place of business located in Baltimore, Maryland and is authorized to conduct business in the state of North Carolina.

    5. That the Plaintiff is informed, believes and avers that Defendant Universal Data Services, LLC ("Universal") is a corporation organized and existing under the laws of the state of Deleware with its principal place of business located in Saint Joseph, Missouri and is authorized to conduct business in the state of North Carolina.

6. That at all times herein referred to Defendants ALW and Universal were agents of Global, were acting within the scope of their authority with their principle Defendant Global and were acting with the full knowledge and consent of Defendant principle Global.

7. That on August 18, 2011, Defendant ALW demanded the Ward pay in full the amount of $7,513.82 for vacation services rendered on behalf of the Ward by its principle Global during the time period the Ward was a resident in an assisted living facility which prohibited such vacations, which services, in any event, would have been rendered more than three (3) years ago and are barred from collection pursuant to the statute of limitation. A copy of this demand for payment is attached hereto as Exhibit 2.

8. That on January 11, 2012, Defendant Universal demanded the Ward pay in full the amount of $7,050.14 for vacation services rendered on behalf of the Ward by its principle Global during the time period the Ward was a resident in an assisted living facility which prohibited such vacations, which services, in any event, would have been rendered more than three (3) years ago and are barred from collection pursuant to the statute of limitation. A copy of this demand for payment is attached hereto as Exhibit 3.

## FIRST CAUSE OF ACTION

9. That paragraphs 1 through 8 are incorporated herein by reference.

10. That Defendant Global's activities as seen above show an engagement in debt collection in violation of the FDCPA.

11. That as a result of the illegal debt collection activity described herein, Defendant Global is liable to Plaintiff in the amount of $1,000.00 to be awarded at the trial of this matter.

## SECOND CAUSE OF ACTION

12. That paragraphs 1 through 11 are incorporated herein by reference.

13. That Defendant ALW's activities as seen above show an engagement in debt collection in violation of the FDCPA.

14. That as a result of the illegal debt collection activity described herein, Defendant ALW is liable to Plaintiff in the amount of $1,000.00 to be awarded at the trial of this matter.

## THIRD CAUSE OF ACTION

15. That paragraphs 1 through 14 are incorporated herein by reference.

16. That Defendant Universal's activities as seen above show an engagement in debt collection in violation of the FDCPA.

17. That as a result of the illegal debt collection activity described herein, Defendant Universal is liable to Plaintiff in the amount of $1,000.00 to be awarded at the trial of this matter.

## FOURTH CAUSE OF ACTION

18. That paragraphs 1 through 17 are incorporated herein by reference.

19. That Defendant Global's activities as seen above show an engagement in debt collection in violation of the North Carolina Consumer Protection Act.

20. That as a result of the illegal debt collection activity described herein, Defendant Global is liable to Plaintiff in the amount of $4,000.00 to be awarded at the trial of this matter.

## FIFTH CAUSE OF ACTION

21. That paragraphs 1 through 20 are incorporated herein by reference.

22. That Defendant ALW'S activities as seen above show an engagement in debt collection is in violation of the North Carolina Consumer Protection Act.

23. That as a result of the illegal debt collection activity described herein, Defendant ALW is liable to Plaintiff in the amount of $4,000.00 to be awarded at the trial of this matter.

## SIXTH CAUSE OF ACTION

24. That paragraphs 1 through 23 are incorporated herein by reference.

25. That Defendant Universal's activities as seen above show an engagement in debt collection in violation of the North Carolina Consumer Protection Act.

26. That as a result of the illegal debt collection activity described herein, Defendant Universal is liable to Plaintiff in the amount of $4,000.00 to be awarded at the trial of this matter.

## SEVENTH CAUSE OF ACTION

27. That paragraphs 1 through 26 are incorporated herein by reference.

28. That Defendant Global's activities as seen above exhibit unfair and

deceptive acts and practices in or affecting commerce in violation of the UDTPA.

29. That as a result of Defendant Global's unfair and deceptive acts and practices, Defendant Global is liable to Plaintiff for treble damages in an amount to be awarded at the trial of this matter.

## EIGHTH CAUSE OF ACTION

30. That paragraphs 1 through 29 are incorporated herein by reference.

31. That Defendant ALW's activities as seen above exhibit unfair and deceptive acts and practices in or affecting commerce in violation of the UDTPA.

32. That as a result of Defendant ALW's unfair and deceptive acts and practices, Defendant ALW is liable to Plaintiff for treble damages in an amount to be awarded at the trial of this matter.

## NINTH CAUSE OF ACTION

33. That paragraphs 1 through 32 are incorporated herein by reference.

34. That Defendant Universal's activities as seen above exhibit unfair and Deceptive acts and practices in or affecting commerce in violation of the UDTPA.

35. That as a result of Defendant Universal's unfair and deceptive acts and practices, Defendant Universal is liable to Plaintiff for treble damages in an amount to be awarded at the trial of this matter.

## TENTH CAUSE OF ACTION

36. That paragraphs 1 through 35 are incorporated herein by reference.

37. That Global's activities herein complained of exhibit the willful disdain, callous and unbridled behavior that warrants an award of punitive damages against Defendant Global to punish them for this behavior and to prevent like harm and abuse in the future.

38. That as a result of defendant Global's actions as see above, Defendant Global is subject to paying Plaintiff punitive damages in an amount to be awarded at the trial of this matter.

## ELEVENTH CAUSE OF ACTION

39. That paragraphs 1 through 38 are incorporated herein by reference.

40. That ALW's activities herein complained of exhibit the willful disdain callous

and unbridled behavior that warrants an award of punitive damages against defendant ALW to punish them for this behavior and to prevent like harm and abuse in the future.

41. That as a result of defendant ALW's actions as see above, Defendant ALW is subject to paying Plaintiff punitive damages in an amount to be awarded at the trial of this matter.

## TWELFTH CAUSE OF ACTION

42. That paragraphs 1 through 41 are incorporated herein by reference.

43. That Universal's activities herein complained of exhibit the willful disdain callous and unbridled behavior that warrants an award of punitive damages against Defendant Universal to punish them for this behavior and to prevent like harm and abuse in the future.

44. That as a result of defendant Universal's actions as see above, Defendant Universal is subject to paying Plaintiff punitive damages in an amount to be awarded at the trial of this matter.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant a Judgment in favor of the Plaintiff in excess of $10,000.00 against the Defendants, jointly and severally, as follows:

1. That Defendant Global be ordered to pay to Plaintiff an amount not to exceed $1,000.00 for its violation of the FDCPA;

2. That Defendant ALW be ordered to pay to Plaintiff an amount not to exceed $1,000.00 for its violation of the FDCPA;

3. That Defendant Universal be ordered to pay to Plaintiff an amount not to exceed $1,000.00 for its violation of the FDCPA;

4. That Defendant Global be ordered to pay to Plaintiff an amount not to exceed $4,000.00 for its violation of the North Carolina Consumer Protection Act;

5. That Defendant ALW be ordered to pay to Plaintiff an amount not to exceed $4,000.00 for its violation of the North Carolina Consumer Protection Act;

6. That Defendant Universal be ordered to pay to Plaintiff an amount not to exceed $4,000.00 for its violation of the North Carolina Consumer Protection Act;

7. That Defendant Global be assessed punitive damages in an amount to be determined at the trial of this matter;

8. That Defendant ALW be assessed punitive damages in an amount to be determined at the trial of this matter;

9. That defendant Universal be assessed punitive damages in an amount to be determined at the trial of this matter;

10. That Plaintiff's award against Defendant Global be trebled pursuant to the UDTPA;

11. That Plaintiff's award against Defendant ALW be trebled pursuant to the UDTPA;

12. That Plaintiff's award against Defendant Universal be trebled pursuant to the UDTPA; and

13. For such other and further relief as this Honorable Court deems just and proper.

This the 20 day of March, 2012.

Ahmad S. Washington

OF COUNSEL:

Law Offices of Michael A. DeMayo, L.L.C.
P.O. Box 34426
Charlotte, NC 28234
Telephone:     (704) 333-1000
Fax:           (704) 333-6677

# EXHIBIT 1

IN THE CIRCUIT COURT FOR PALM BEACH COUNTY, FLORIDA

IN RE: GUARDIANSHIP OF                  PROBATE DIVISION

VICTOR J. DeMAYO,                       CASE NO: :
Incapacitated Ward.
                                    2008GA000533
_____/

## ORDER APPOINTING PLENARY GUARDIAN OF PERSON, AND RATIFYING DURABLE POWER OF ATTORNEY FOR PROPERTY
(incapacitated person)

On the Petition of MICHAEL A. DeMAYO for the appointment of a guardian of the person and property of VICTOR J. DeMAYO (the Ward), the Court makes the following findings:

1. The Ward was adjudicated incapacitated by Order of this Court entered on December 4th, 2008, and the Court, having considered alternatives to guardianship, found that the Durable Power of Attorney of the Ward dated January 31, 2007, wherein he appointed MICHAEL A. DeMAYO as his attorney in fact for financial and property matters, is a reasonable alternative to the appointment of a guardian of the property, and having found that no alternative to guardianship of the person will sufficiently address the needs of the Ward, and that the restrictions imposed upon the Ward's rights and liberties are consistent with the Ward's welfare and safety, and are the least restrictive appropriate alternatives, reserving to the Ward the right to make decisions in all matters commensurate with the Ward's ability to do so.

2. The Order Determining Plenary Incapacity of the Property and Limited Incapacity of the Person established the incapacity of the ward to exercise the following delegable rights:

- ([X]) to determine his residence;
- ([X]) to consent to medical and mental health treatment;
- ([X]) to make decisions about his social environment or other social aspects of his life;
- ([X]) to contract;
- ([X]) to sue and defend lawsuits;
- ([X]) to personally apply for government benefits;
- ([X]) to manage property or to make any gift or disposition of property.

(The Ward retains the right to vote.)

3. It is necessary to appoint a plenary guardian of the person of the Ward, and to ratify the Durable Power of Attorney of the Ward dated January 31, 2007, wherein he appointed

Case 3:12-cv-00238-RJC-DSC Document 1-1 Filed 04/19/12 Page 8 of 14

MICHAEL A. DeMAYO as his attorney in fact for financial and property matters.

The Court having jurisdiction and being fully advised, it is

ADJUDGED as follows:

1. MICHAEL A. DeMAYO, son of the ward, who is not a professional guardian, is qualified to serve and is hereby appointed plenary guardian of the person of VICTOR J. DeMAYO.

2. The Ward is incapable of exercising all delegable rights, and the following delegable rights regarding <u>property</u> are delegated to his attorney in fact, MICHAEL A. DeMAYO, under that certain Durable Power of Attorney dated January 31, 2007:

   [X]a. to personally apply for government benefits;

   [X]b. to contract;

   [X]c. to sue and defend lawsuits; and,

   [X]d. to manage property or to make any gift or disposition of property.

Further, the Ward is incapable of exercising the following delegable rights regarding his <u>person</u>, which are delegated to MICHAEL A. DeMAYO as plenary guardian of the person:

   [X]e. to determine his residency;

   [X]f. to consent to medical and mental health treatment; and,

   [X]g. to make decisions about his social environment or other social aspects of his life.

3. MICHAEL A. DeMAYO, as attorney in fact for the Ward, shall ensure that the Ward has access to sufficient funds for discretionary use by the Ward for his own personal expenditures, for which MICHAEL A. DeMAYO need not account to the Court.

4. Upon taking the prescribed Oath, filing designation of resident agent and acceptable, and entering into a bond in the amount of $WAIVED, payable to the Governor of the State of Florida and to all successors in office, conditioned on the faithful performance of all duties by the guardian, letters of guardianship shall be issued.

5. The guardian must place the following property of the Ward:

   N/A

into a restricted account in a financial institution designated pursuant to Section 69.031, Florida Statutes.

6. The Court is aware that the Ward, prior to incapacity, executed a valid advance

directive under Chapter 765, Florida Statutes, in paragraph 18 of his Durable Power of Attorney of the Ward dated January 31, 2007, where he appointed MICHAEL A. DeMAYO as his health care surrogate. The authority of MICHAEL A. DeMAYO as health care surrogate is terminated, and the guardian shall make all medical and mental health treatment decisions for the Ward.

ORDERED on December 4th, 2008.

Richard L. Oftedal, Circuit Court Judge

Copies furnished:

Michael W. Connors, Esq.
P.O. Box 13197
North Palm Beach, FL 33408

Terry Verduin, Esq.
P. O. Box 169
West Palm Beach, FL 33402-0169

Tony DeMaio
11688 Cardenas Boulevard
Boynton Beach, FL 33437

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a true copy of the record in my office.
THIS 4 DAY OF Dec, 20 08
SHARON R. BOCK
CLERK & COMPTROLLER
By _____ DEPUTY CLERK

# EXHIBIT 2



ALW Sourcing, LLC
7595 Montevideo Road
Jessup, Maryland 20794
888-379-4884
(Fax) 866-964-2430

August 18, 2011

DEMAYO, VICTOR
4412 CAMERON OAKS DR
CHARLOTTE NC 28211

RE: Creditor:                              UNIVERSAL DATA SERVICES/ GLOBAL
                                           CONNECTIONS, INC
    Account Number:                373416
    ALW Sourcing, LLC Reference #: QZ0649
    Balance Due:                   $7,513.82

Please Note,

Pursuant to your request, this letter will serve as official notification that ALW Sourcing, LLC is authorized to accept the sum of $7,513.82 on August 25, 2011 as payment in full for the above given account. Upon satisfactory receipt of payment, the above account will be considered paid in full.

You can remit payment to:    ALW Sourcing, LLC
                            Attention Bob Wittig – Dept 11
                            507 Prudential Road
                            Horsham, PA 19044

Remember to put your ALW Sourcing, LLC Reference # AL0861 on your payment. Should payment be returned, this will nullify all agreements on the above mentioned account.

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Calls to or from ALW Sourcing, LLC. may be monitored or recorded for quality assurance.

This agency is licensed by the North Carolina Department of Insurance: license #4471

Sincerely,
**ALW Sourcing, LLC Collections Specialist**

Steven Jones

Office Hours: 8:00am - 9:00pm Monday through Thursday. 8:00am - 5:00pm Friday. 8:00am - 12:00pm Saturday
All Times Eastern

# EXHIBIT 3

# UNIVERSAL DATA SERVICES, LLC.

P.O. BOX 148, ST. JOSEPH, MO 64502-0148
PHONE: 866-429-4425 • FAX: 816-233-6274
MON.-THURS. 7:30AM - 9:00PM CST
FRIDAYS 7:30AM - 5:00PM CST
SATURDAY 8:00AM - 3:00PM CST



January 11, 2012

UDS Account#: 373416
Original Creditor: GLOBAL CONNECTIONS INC
Current Creditor: GLOBAL CONNECTIONS, INC
Current Balance: $7,050.14

**Special Tax Season Promotional Offer**

Dear Victor Demayo:

As a customer, we are pleased to offer you a limited time promotion from GLOBAL CONNECTIONS, INC. If paid as agreed we will update your credit bureau accordingly. Currently your balance is $7,050.14. Take full advantage of this tax time promotion!

**70% INSTANT DISCOUNT    PAY ONLY: $2,115.04**

**60% DISCOUNT OFFER    PAY ONLY: 4 Installments of $705.01**

Please *call us today at 866-316-7943 to discuss this fantastic offer, and many other payment plan options* that Universal Data Services, LLC has available to assist you in paying off your account.

Effective immediately, all payments towards your GLOBAL CONNECTIONS, INC account, including those for this promotion, must be sent directly to Universal Data Services, LLC, (please make checks payable to UDS) at the address provided on the bottom of this letter. This will ensure proper credit to your account. The offer expires on 01/31/2012.

Sincerely,
Matt Bailiff
Universal Data Services, LLC

Telephone calls to or from our General Office, are randomly monitored by supervisory personnel for business reasons, and not directly related to your account. Calls may be recorded for quality assurance.

NORTH CAROLINA DEPARTMENT OR INSURANCE PERMIT NUMBER: 4430

THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

311

P.O. Box 1848
Southgate, MI 48195-0848

| IF PAYING BY MASTERCARD, DISCOVER, VISA OR AMERICAN EXPRESS, FILL OUT BELOW | | |
|---|---|---|
| CHECK ONE: ☐ MasterCard   ☐ Discover   ☐ VISA | | |
| CARD NUMBER | EXP DATE | SECURITY CODE |
| SIGNATURE | ORIGINAL CREDITOR: GLOBAL CONNECTIONS INC | |
| DATE: January 11, 2012 | UDS ACCOUNT#: 373416 | CURRENT CREDITOR: GLOBAL CONNECTIONS, INC |
| AMOUNT DUE: $7,050.14 | AMOUNT PAID: $ | |

311/388003301420    6987/000006981/000000028

Victor Demayo
4412 Cameron Oaks Dr
Charlotte, NC 28211-3558

Make checks or money orders payable to
Universal Data Services, LLC and send to:

Universal Data Services Payment Processing
P.O. Box 148
St. Joseph, MO 64502-0148